**Appeal Dismissed and Memorandum Opinion filed February 21, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00011-CR

**JOSHUA ALLEN LEE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 18-CR-0161**

## M E M O R A N D U M   O P I N I O N

Following his guilty plea, appellant was convicted of aggravated assault with a deadly weapon. The trial court sentenced appellant to 20 years' imprisonment on October 30, 2018. No motion for new trial was filed. Therefore, appellant's notice of appeal was due November 29, 2018. *See* Tex. R. App. P. 26.2(a)(1) (notice of appeal must be filed within 30 days after sentence is imposed if defendant has not timely filed motion for new trial). A court of appeals may grant an extension of time if, within 15 days after the deadline for filing the notice of appeal, appellant files

(a) the notice of appeal in the trial court, and (b) a motion for extension in the court of appeals. *See* Tex. R. App. P. 26.3; *see also* Tex. R. App. P. 10.5(b)(2) (governing motion for extension of time to file notice of appeal). The fifteenth day after November 29, 2018, was December 14, 2018. Therefore, appellant had until December 14, 2018, to file both the notice of appeal and a motion for extension.

Appellant filed his notice of appeal on November 30, 2018, but he did not file a motion for extension of time to file the notice of appeal.

In civil appeals, a request for extension is implied if a notice of appeal is filed within 15 days after the deadline. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). However, the Court of Criminal Appeals has declined to follow *Verburgt*. *See Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996).

A timely notice of appeal is essential to vest the court of appeals with jurisdiction. *Olivo*, 918 S.W.2d at 522. When a notice of appeal, but no motion for extension of time, is filed within the 15-day period, the court of appeals may take no action other than to dismiss the appeal for lack of jurisdiction. *See id.*

Accordingly, the appeal is DISMISSED.


PER CURIAM


Panel consists of Justices Christopher, Hassan, and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).